IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDWARD THOMAS KENNEDY,
401 Tillage Rd., Breinigsville, PA 18031,
    Plaintiff,

v.

Case: 1:18-cv-02690     Jury Demand
Assigned To : Unassigned
Assign. Date 10/31/2018
Description: Pro Se General Civil (F Deck)

GEORGE Z. SINGAL,
156 Federal Street, Portland, ME 04101,
NANCY TORRESEN,
156 Federal Street, Portland, ME 04101,
CHRISTA K. BERRY,
156 Federal Street, Portland, ME 04101,
ROBERT ALLEN,
156 Federal Street, Portland, ME 04101,
LINDSEY CARON,
156 Federal Street, Portland, ME 04101,
JOHN C. NIVISON,
156 Federal Street, Portland, ME 04101,
and UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE,
156 Federal Street, Portland, ME 04101,
    Defendants,



RECEIVED
Mail Room

OCT 31 2018

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

Plaintiff's Original Complaint

1.     Edward Thomas Kennedy, hereinafter "Plaintiff" and /or "Kennedy," is one of the people of Pennsylvania and in this court of record, wishes and demands defendants to reply and testify, affirm and/or declare under penalty of perjury to this action, Plaintiff's Original Complaint.

2.     Kennedy objects to the latin slang phrase "pro se" and requests CM/ECF access,

and that his privacy be protected at all times.

3. Defendants herein exceeded their jurisdiction, and because they exceeded their jurisdiction, injured Kennedy in loss of rights.

4. Kennedy complains against Defendants George Z. Singal, Nancy Torresen, Christa K. Berry, Robert Allen, Lindsey Caron, John C. Nivison, and United States District Court for the District of Maine, for defendants injured Kennedy, one of we the people, in violation of US law and the Law of the Case, Exhibit 1, attached herein, in case 1:18-cv-339-czs, in ECF Documents 10 and 11 filed 10/15/2018.

JURISDICTION AND VENUE AND DEFENDANT PARTIES

5. This is a federal question matter, and this court of record has jurisdiction. Individual defendants are George Z. Singal, Nancy Torresen, Christa K. Berry, Robert Allen, Lindsey Caron, John C. Nivison and are all employees of the United States of America. Defendant United States District Court for the District of Maine is a corporation,

FIRST CAUSE OF ACTION – TRESPASS

6. Edward Thomas Kennedy, (hereinafter "Plaintiff" and/or "Kennedy") is one of the people of the Pennsylvania, and in this court of record complains of George Z. Singal, Nancy Torresen, Christa K. Berry, Robert Allen, Lindsey Caron, John C. Nivison, and United States District Court for the District of Maine, hereinafter "lawbreaker" and/or "defendant" and all collectively "lawbreakers" and/or "defendants" who are each summoned to answer and declare under penalty of perjury the said in a plea of trespass,

trespass on the case, trespass on the case - vicarious liability, failure to provide a republican form of government and false advertising, intentional infliction of emotional distress, bad faith, and negligence, to wit:

7. Defendants exceeded their jurisdiction by either directly, through an agent, or in concert with another did cause Kennedy to be unlawfully injured against his will, without jurisdiction or good cause. Said lawbreakers, without good cause, harmed Kennedy.

8. From the moment he was harmed until the present, Kennedy, under color of law, was kept in constructive financial imprisonment. Although he objected to the assumed jurisdiction, those who kept him financially imprisoned under color of law did not respond to any of his demands and requests for proof of jurisdiction or for reinstatement of his liberty or the return of property from Kennedy. Defendants continued to assume jurisdiction without proof of jurisdiction or any attempt at proof of jurisdiction. Kennedy continues to be subject, under color of law, to the assumed jurisdiction, will and control of the said lawbreakers.

9. Each defendant acted in such a way, or failed to act in such a way, that Kennedy is deprived of his liberty. Each defendant acted to deprive Kennedy of his liberty; or each defendant failed to act to prevent the loss by Kennedy of his liberty. Further, each defendant is a willing participant in concert with each of the remaining defendants.

10. At all times mentioned in this action each defendant is the agent of the other, and in doing the acts alleged in this action, each is acting within the course and scope of said agency. The following paragraphs describe what the lawbreakers, under color of law, either acted or failed to act as obligated.

11. Defendants have a duty to not cause Kennedy to be harmed under color of law, to not cause loss of liberty. Further, defendants have a duty to prove jurisdiction when objection to jurisdiction is asserted.

12. Defendants have breached that duty.

13. The damages for the injury caused by defendants' actions are $1,000 for each day of unlawful behaviors for each defendant, or $1,000,000.00 from each defendant, whichever is greater.

14. The damages for the injury caused by defendant's' absence of required action is $5,000 for each failure to act, or $500,000.00 from each defendant, whichever is greater.

SECOND CAUSE OF ACTION – TRESPASS ON THE CASE

15. Paragraphs 1 through 14 are included by reference as though fully stated herein.

16. By right, Kennedy reasonably expects to proceed without injury, secure in his capacities. By right, Kennedy reasonably expects to exercise his right to liberty.

17. Defendants have a legal duty to use due care and not cause an injury to Plaintiff Kennedy or interfere with said rights in any way.

18. Defendants breached that duty by proximately or legally, directly and indirectly, causing the injuries to Plaintiff Kennedy.

19. The damages claimed are all a result of the injuries.

THIRD CAUSE OF ACTION – TRESPASS ON THE CASE -VICARIOUS LIABILITY

20. Paragraphs 1 through 19 are included by reference as though fully stated herein.

21. Power is never without responsibility. And when authority derives in part from Government's thumb on the scales, the exercise of that power by private persons becomes closely akin, in some respects, to its exercise by the United States of Government itself.

22. The purpose of imposing vicarious liability is to insure the costs of injuries resulting from defective actions are placed on the source of the actions and others who make the actions possible rather than on injured persons who are powerless to protect themselves. For a defendant to be vicariously liable it must play an integral and vital part in the overall production and promotion activity so that the actor is in a position to affect others or, at the very least, it must provide a link in the chain of exposing the ultimate victim to the actor. The vicariously liable defendant must be in the business of controlling, leasing, bailing, or licensing the actors.

23. Each defendant is an agent of the other, and each has his place in the chain of exposing plaintiff Kennedy to the actors. Each defendant is vicariously liable for each instance of injury to plaintiff.

FOURTH CAUSE OF ACTION – FAILURE TO PROVIDE A REPUBLICAN FORM OF GOVERNMENT AND FALSE ADVERTISING

24. Paragraphs 1 through 23 are included by reference as though fully stated herein.

25. Kennedy wishes defendants to not breach their fiduciary duty to Kennedy. Kennedy wishes defendants to not breach their oaths and to tell the truth.

26. The Constitution guarantees to every state a Republican form of government (Art. 4, Sec. 4).

27. No state may join the United States unless it is a Republic. Our Republic is one dedicated to "liberty and justice for all." Minority individual rights are the priority.

28. The people have natural rights instead of civil rights. The people are protected by the Bill of Rights from the majority. One vote in a jury can stop all of the majority from depriving any one of the people of his rights; this would not be so if the United States were a democracy.

29. The business model of United States District Court for the District of Maine IS based on a foundation of false advertising, deceptions, and lies.

30. The damages claimed are all a result of the injuries.

FIFTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31. Paragraphs 1 through 30 are included by reference as though fully stated herein.

32. Defendants advertised (falsely) with intent to harm Kennedy and we the people, in deference to "international" communities, radicals and behaviors that our civilization historically finds to be perverse. Defendants knowingly[1] lie, mislead, misconstrue, misrepresent and put false information into courts of law, the public record and internet websites by the following:

   a. confusing human rights with civil rights, and

   b. refusing to comply with the Universal Declaration of Human Rights.

---

[1] in violation of their oaths to the federal government and we the people.

c.  refusing to obey the law.

33. The damages claimed are all a result of the injuries.

SIXTH CAUSE OF ACTION – BAD FAITH

34. Paragraphs 1 through 33 are included by reference as though fully stated herein.

35. Bad faith is not only defined by the Law of the Case (Exhibit 1), but also is a concept defined by court decisions in case law. Bad faith is also defined as a noun and an adjective, as follows:

a.  noun. intentional dishonest act by not fulfilling legal or contractual obligations, misleading another, entering into an agreement without the intention or means to fulfill it, or violating basic standards of honesty in dealing with others. Most states recognize what is called "implied covenant of good faith and fair dealing" which is breached by acts of bad faith, for which a lawsuit may be brought (filed) for the breach (just as one might sue for breach of contract).

b.  adjective. when there is bad faith then a transaction is called a "bad faith" contract or "bad faith" offer.

36. Defendants refused to process Kennedy's case in United States District Court for the District of Maine.

37. The damages claimed are all a result of the injuries.

SEVENTH CAUSE OF ACTION – NEGLIGENCE

38. Paragraphs 1 through 37 are included by reference as though fully stated herein.

39. In the Law of the Case (Exhibit 1) and in tort law, negligence is a distinct cause of action.

40. The Restatement (Second) of Torts defines negligence as "conduct that falls below the standard established by law for the protection of others against unreasonable risk of harm."

41. Negligence in this court of record consists of five elements, including the following: (1) a duty of care owed by the defendant to the Plaintiff; (2) a breach of that duty; (3) an actual causal connection between the defendant's conduct and the resulting harm; (4) proximate cause, which relates to whether the harm was foreseeable; and (5) damages resulting from the defendant's conduct.

42. The damages claimed are all a result of the injuries.

TAKE JUDICIAL COGNIZANCE
LAW OF THE CASE

43. Exhibit "1" is incorporated by reference as though fully stated herein.

44. When the word "law" is used without qualification, it means common law.

REQUEST FOR RELIEF

45. For that cause of action therefore Plaintiff brings his suit.

46. WHEREFORE, Plaintiff prays judgment against defendants, and each of them, as follows:

On all causes of action:

47. For general damages in the sum of $1,000 for each day of unlawful behaviors for each defendant, or $1,000,000.00 from each defendant, whichever is greater;

48. For damages for the injury caused by defendant's' absence of required actions of $5,000 for each failure to act; or $500,000.00 from each defendant, whichever is greater;

49. That the court enter a declaratory judgment that defendants have acted arbitrarily and capriciously, have abused their discretion and have acted not in accordance with law, but under color of law;

50. That the court enter a declaratory judgment that defendants have acted contrary to constitutional right, power or privilege;

51. That the court enter a declaratory judgment that defendants' actions were in excess of statutory jurisdiction, authority and short of statutory right by all defendants;

52. That the court permanently enjoin defendants from interfering in any way with Kennedy's lawful rights and honor all their fiduciary duty to Kennedy;

53. That the court grant such, other and further relief as the court deems proper;

54. I, Edward Thomas Kennedy, declare under penalty of perjury that the foregoing facts are true and correct to the best of my knowledge.

Date: October 29, 2018

Respectfully submitted,

(seal)

_/s/ E. T. K._
EDWARD THOMAS KENNEDY
401 Tillage Road
Breinigsville, Pennsylvania 18031
Email: kennedy2018@alumni.nd.edu
Telephone: 415-275-1244.
Fax: 570-609-1810.

## CERTIFICATE OF SERVICE

I, Edward Thomas Kennedy, Plaintiff, hereby certify that on the 29th day of October, 2018, the foregoing Plaintiff's Original Complaint was filed and served at Clerk of Court, United States District Court, District of Columbia, 333 Constitution Avenue, N.W., Washington, D.C. 20001 by regular US mail.

Date: October 29, 2018.

Respectfully submitted,

_____ (seal)
EDWARD THOMAS KENNEDY