**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**



FILED
DEC 03 2018
Clerk, U.S. District and
Bankruptcy Courts

EDWARD THOMAS KENNEDY,

    Plaintiff,

v.

GEORGE Z. SINGAL, *et al.*,

    Defendants.

Civil Action No. 18-2690 (UNA)

## MEMORANDUM OPINION

The plaintiff's claims purportedly arose "in case 1:18-cv-339-czs, in ECF Documents 10 and 11 filed 10/15/2018," Compl. ¶ 4, filed in the United States District Court for the District of Maine. Judge Singal adopted Magistrate Judge Nivison's recommendation to dismiss the plaintiff's case on the ground that the claims are legally baseless and frivolous. *See Kennedy v. State of Maine*, Civ. No. 1:18-cv-0339 (D. Me. Oct. 19, 2018). The plaintiff has sued Judge Singal, Magistrate Judge Nivison, other court employees and the court itself, Compl. ¶¶ 5-6, for assorted harms for which the plaintiff demands monetary damages, *see id.* ¶¶ 47-48, among other relief.

The judges enjoy absolute immunity from liability for damages for acts taken in their judicial capacities. *See Mirales v. Waco*, 502 U.S. 9 (1991) (finding that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Stump v. Sparkman*, 435 U.S. 349, 364 (1978) (concluding that state judge was "immune from damages liability even if his [decision] was in error"). Without question, a judge's dismissal of a civil action is an action taken in his judicial capacity. *See Burger v. Gerber*, No. 01-5238, 2001 WL 1606283, at *1 (D.C. Cir. Nov. 20, 2001) (per curiam) (affirming dismissal of claim against United States Tax

Court Judge where "[t]he action about which appellant complains – ruling on a motion to dismiss a tax court petition – was well within the judge's judicial capacity"); *Thomas v. Wilkins*, 61 F. Supp. 3d 13, 19 (D.D.C. 2014) (finding that "judge's decision to file or deny a party's motions or requests is an action routinely performed by a judge in the course of litigation, and thus would constitute a judicial act immune from suit"), *aff'd,* No. 14-5197, 2015 WL 1606933 (D.C. Cir. Feb. 23, 2015). Absent any showing by plaintiff that the judges' "actions are taken in the complete absence of all jurisdiction," *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (citation omitted), each is "immune from damage suits for performance of tasks that are an integral part of the judicial process," *id.* at 1461 (citations omitted).

The remaining defendants, too, are protected. "It is well established that judicial immunity 'extends to other officers of government whose duties are related to the judicial process.'" *Roth v. King*, 449 F.3d 1272, 1287 (D.C. Cir. 2006) (quoting *Barr v. Matteo*, 360 U.S. 564 569 (1959)). Accordingly, the plaintiff's claims against the court employees fail. "Clerks, like judges, are immune from damage suits for performance of tasks that are an integral part of the judicial process." *Sindram*, 986 F.2d at 1460. "The clerk or deputy clerk's receipt and processing of a litigant's filings are part and parcel of the process of adjudicating cases," *Sibley v. U.S. Supreme Court*, 786 F. Supp. 2d 338, 344 (D.D.C. 2011), and claims against such employees properly are dismissed, *see Young v. Levitan*, No. 1:18-CV-02045, 2018 WL 5817356, at *1 (D.D.C. Nov. 5, 2018).

The Court will grant the plaintiff's application to proceed *in forma pauperis* and will dismiss the complaint. An Order consistent with this Memorandum Opinion is issued separately.

DATE: December 3, 2018

_____
United States District Judge